FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Sep 07, 2018
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TELQUIST McMILLEN CLARE PLLC, a Washington Professional Limited Liability Company, and ANDREA CLARE, individually,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>KEVIN CLARE, individually, and BENJAMIN DOW, individually,<br><br>　　Defendants. | No. 4:18-cv-05045-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants' Motion to Dismiss, ECF No. 20. The Court held a hearing on the motion on September 5, 2018. George Telquist appeared on behalf of Plaintiffs, and John Riseborough appeared on behalf of Defendants. The Court took the matter under advisement.

After careful consideration of the parties' briefing and oral presentation, the Court grants Defendants' motion.

### STATEMENT OF FACTS

The facts of this case stem from the unsuccessful marriage between Kevin and Andrea Clare. Andrea alleges that, since November 2015, Kevin was not authorized to access her email, telephone, or text messages. ECF No. 18 ¶ 3.7. Andrea claims that during the time that the couple lived together, and up to February 6, 2016, Kevin insisted upon access to Andrea's personal email,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 1**

telephone and text messages. *Id*. ¶ 3.1. Andrea alleges that, despite her attempts to block Kevin from gaining access, Kevin obtained access, viewed, and intercepted Andrea's emails, telephone, and text messages. *Id*. ¶ 3.3. Andrea moved out of the family residence on February 6, 2016. *Id*. ¶ 2.4.

On May 12, 2016, Andrea filed a Petition for Dissolution of Marriage in Walla Walla County, and later filed a similar action in Franklin County. *Id*. ¶ 2.5. Kevin retained attorney Benjamin Dow to represent him throughout the dissolution proceedings. *Id*. ¶ 2.6.

Andrea alleges that from 2015 to 2018, Kevin used Andrea's email credentials to access her work email; reviewed private and confidential communications between Andrea and her attorneys of record in her dissolution case against Kevin; and shared this information with Benjamin Dow, who knew that Kevin was not authorized to access such email communications. *Id*. ¶¶ 3.11-3.14, 3.19, 3.20.

On July 17, 2018, Telquist McMillen Clare, PLLC (Andrea's employer), and Andrea Clare ("Plaintiffs") filed a First Amended Complaint against Kevin Clare and Benjamin Dow ("Defendants"), alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511 ("ECPA"); Stored Communications Act, 18 U.S.C. § 2701 ("SCA"); and the Washington Right of Privacy Act, Wash. Rev. Code § 9.73.030 ("WRPA"). ECF No. 18.

## STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, all allegations of material fact shall be accepted as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 2**

claim to relief that is plausible on its face." *Id*. at 678. The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

When a complaint or claim is dismissed, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

Defendants argue that Plaintiffs' First Amended Complaint fails to allege a plausible claims under the ECPA, WRPA, and the SCA.

**Electronic Communications Privacy Act**

In 1986, Congress passed the ECPA "to afford privacy protection to electronic communications." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002). The ECPA encompasses two distinct sets of claims. Under Title I of the ECPA, the Wiretap Act makes it an offense to "intentionally intercept . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511. Under Title II of the ECPA, the SCA is designed to "address access to stored wire and electronic communications and transactional records." 18 U.S.C § 2701(a).

Plaintiffs allege that Defendants intentionally intercepted, disclosed, and used the contents of an electronic communication in violation of the ECPA. Such a claim is, therefore, brought under the Wiretap Act.

The Wiretap Act prohibits any person from:

(a) intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;

. . .

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 3**

(c) intentionally disclos[ing], or endeavoring to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication;

(d) intentionally us[ing], or endeavor[ing] to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication.

18 U.S.C. § 2511(1)(a), (c), (d). "Any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [the Wiretap Act]," may bring a civil action to recover damages. 18 U.S.C. § 2520(a).

At issue is whether Plaintiffs' First Amended Complaint sufficiently alleges that Defendants "intercepted" electronic communications within the meaning of the federal statute. The statute defines the term "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

The Ninth Circuit has interpreted the term "intercept" much more narrowly. To be intercepted within the meaning of the Wiretap Act, an electronic communication must have been "acquired during transmission, not while it is in electronic storage." *Konop*, 302 F.3d at 878. This definition requires acquisition "contemporaneous with transmission." *Id*.

Plaintiffs' First Amended Complaint fails to allege a plausible claim that Defendants "intercepted" Plaintiffs' electronic communications. At best, Plaintiffs' allegations raise an inference that Kevin viewed Andrea's email and text messages after they were already received. There are no facts to suggest Kevin acquired Andrea's electronic communications "contemporaneous with [their] transmission." *Konop*, 302 F.3d at 878. Thus, Plaintiffs' First Amended Complaint fails to state a plausible claim under the ECPA.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 4**

**Stored Communications Act**

The SCA creates a private right of action against anyone who "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a); 2707. The SCA does not define the term "facility," but it does define the term "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

At issue is whether Plaintiffs have sufficiently alleged that Kevin intentionally accessed, without authorization, a "facility through which an electronic communication is provided." 18 U.S.C. § 2701(a). The Court finds Plaintiffs have failed to do so. *See Cousineau v. Microsoft Corp.*, 6 F.Supp.3d 1167, 1174-75 (W.D. Wash. 2014) (holding that a user's smart phone was not a "facility" within the meaning of the SCA because it did not provide electronic communication services in a "server-like fashion"); *In re iPhone Application Litigation*, 844 F.Supp.2d 1040, 1057-58 (N.D. Cal. 2012) (holding that an individual's personal computer does not " 'provide an electronic communication service' simply by virtue of enabling use of electronic communication services."). Thus, Plaintiff's First Amended Complaint also fails to state a plausible claim under the SCA.

**Washington Right of Privacy Act[1]**

The Court has supplemental jurisdiction over Plaintiffs' WRPA claim. 28 U.S.C. § 1367(a). Having dismissed Plaintiffs' federal claims, however, the Court

---

[1] The Court declines to address whether Plaintiffs' First Amended Complaint makes a plausible claim under the WRPA.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 5**

also dismisses Plaintiffs' WRPA claim for lack of jurisdiction. 28 U.S.C. § 1367(c); *Sial v. AT&T Services, Inc.*, No. C18-0458JLR, 2018 WL 3364630, at *3 (W.D. Wash. July 10, 2018) ("There is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed.").

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiffs' First Amended Complaint. Nonetheless, Plaintiffs are granted leave to file an amended complaint.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss, ECF No. 20, is **GRANTED**.

2. Plaintiffs shall file any amended complaint no later than **October 10, 2018**.

2. Plaintiffs' Motion for Certification, ECF No. 22, is **DENIED as moot**.

3. Defendants' Motion to Strike, ECF No. 28, and related Motion to Expedite, ECF No. 30, are **DENIED as moot**.

**IT IS SO ORDERED.** The District Court clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of September 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ^ 6**