UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TELQUIST MCMILLEN CLARE PLLC, a Washington Professional Limited Liability Company; and ANDREA J. CLARE, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>KEVIN P. CLARE, individually,<br><br>    Defendant. | NO. 4:18-cv-05045-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendant's Motion for Summary Judgment, ECF No. 52. The motion was considered without oral arguments. Plaintiffs are represented by George E. Telquist, and Defendant is represented by Jane Brown, William C. Schroeder, and William J. Schroeder. Defendant argues that he is entitled to summary judgment in his favor because Plaintiffs failed to state a cognizable claim under the Stored Communications Act (SCA). Having considered the motion, Plaintiff's Response, ECF No. 54, Defendant's Reply, ECF No. 58, and the relevant case law, the Court **grants** Defendant's Motion for Summary Judgment.

### Facts Not in Dispute

    Plaintiff Andrea Clare ("Andrea") and Defendant Kevin Clare ("Kevin") are an estranged married couple; the two have lived separately since February 6, 2016 and Andrea filed for dissolution later that year. ECF No. 41 at ¶ 2.2-2.3. During the

course of their marriage, Kevin insisted upon access to Andrea's personal and professional emails, text messages, and the contents of her personal iPhone. ECF No. 41 at ¶ 3.1. In November 2015, Andrea removed her credentials from their shared iPad and changed her iPhone passcode in order to prevent Kevin from accessing her email and text messages. ECF No. 41 at ¶ 3.2. Plaintiff alleges, however, that Kevin continued to access her work email by using login credentials that had been stored electronically on the iPad. ECF No. 41 at ¶ 3.4.

## Procedural History

Plaintiffs brought suit against Defendant and his personal attorney, Benjamin Dow, on March 21, 2018, alleging violations of the Electronic Communications Privacy Act (ECPA) and the Washington State Right of Privacy Act, RCW 9.73. ECF No. 1. Plaintiffs filed their First Amended Complaint on July 17, 2018. ECF No. 18. Plaintiffs alleged that despite Andrea's attempts to block Kevin from gaining access, Kevin obtained access to, viewed, and intercepted Andrea's emails, phone calls, and text messages, including private and confidential work email. *Id.* at ¶¶ 3.11-3.14, 3.19-3.20. Plaintiffs alleged violations of the ECPA, 18 U.S.C. § 2511; the SCA, 18 U.S.C. § 2701; and the Washington Right of Privacy Act, RCW § 9.73.030.

Defendants filed a Motion to Dismiss, ECF No. 20, which the Court granted, ECF No. 34. The Court concluded that Plaintiffs' First Amended Complaint failed to allege plausible claims on any of the causes of actions raised. *Id.* Thus, the Court granted Defendants' Motion to Dismiss, but gave Plaintiffs leave to file an amended complaint. *Id.* at 6. Plaintiffs filed a Second Amended Complaint on October 10, 2018, alleging that Kevin violated the SCA by accessing Andrea's work email without authorization. Defendant filed the instant Motion for Summary Judgment on September 24, 2019.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 2**

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue of material fact is genuine if there is sufficient evidence of a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). If the moving party meets its initial burden, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties must support assertions by citing to particular parts of the record or show that the materials cited do not establish the absence or presence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c). A party can also show that there is not a genuine dispute of material fact by showing that the adverse party cannot produce admissible evidence to support a fact. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (finding that unauthenticated documents could not be considered in a motion for summary judgment), *accord Everett v. American General Life Ins. Co.*, 703 F. App'x 481, 482 (9th Cir. 2017). However, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 3**

sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

## Stored Communications Act

The SCA provides a private cause of action for the intentional, unauthorized access of an electronic communication service facility or the intentional access of such a facility beyond one's authorization. 18 U.S.C. §§ 2701(a), 2707(a). The SCA defines an electronic communication service (ECS) as "any service which provides to users the ability to send or receive wire communications." 18 U.S.C. § 2771(2). The Act further defines "electronic storage" as either "temporary, intermediate storage incidental to electronic transmission" or "storage for purposes of backup protection." 18 U.S.C. § 2510(17). Under the Act, a plaintiff may recover equitable and declaratory relief, damages of at least $1,000, a reasonable attorney's fee, and costs. 18 U.S.C. § 2707(b).

The SCA is not a "catch-all" designed to protect the privacy of all Internet communications; rather, it is "narrowly tailored to provide a set of Fourth Amendment-like protections for computer networks." Orin S. Kerr, *A User's Guide to the Stored Communication Act, and a Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1214 (2004). Thus, courts have narrowly interpreted the parameters of the SCA. For example, the Ninth Circuit held that an email that is neither in temporary storage nor in backup storage is not covered by the SCA. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072-73 (9th Cir. 2004). The determination of whether unauthorized access to a stored electronic communication is cognizable under the SCA is therefore highly fact dependent.

Although there is not abundant binding guidance on the meaning of the SCA, it is clear that a court must make two determinations to conclude that a cognizable SCA violation has occurred. First, the court must determine that the communication in question is stored in a "facility through which an electronic communication service is provided." *See, e.g.*, *In re iPhone Application Litigation*,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 4**

844 F. Supp. 2d 1040, 1058-59 (N.D. Cal. 2012) (finding that an iPhone was not a "facility" for purposes of the SCA). If the communication was not stored in and accessed from a "facility," then there is no cognizable SCA claim. Second, the court must determine that the communication was in "electronic storage." Based on this standard, courts have found that claims based on accessing email located on a computer hard drive or a mobile phone have generally been found lacking. *See, e.g.*, *Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1204 (S.D. Cal. 2008) (finding that unauthorized access to emails on a laptop hard drive was not cognizable under the SCA); *Garcia v. City of Laredo, Texas*, 702 F.3d 788, 793 (5th Cir. 2012) (finding that unauthorized access to messages and photos on a cell phone was not cognizable under the SCA).

There is slightly more guidance as to the question of whether unauthorized access to web-based email accounts is cognizable under the SCA. Some courts have interpreted the SCA to provide that "any emails stored on the server of an internet service provider (ISP) following delivery are not stored for backup purposes." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1044 (N.D. Cal. 2018). That is because a web-based email service—like Gmail or Office 365—might be the only place where email is stored. In that case, such emails cannot be stored for backup purposes and cannot on its own be the basis for a claim under the SCA. *Theofel*, 359 F.3d at 1077. Therefore, in order to make out a claim for access to backup storage, some courts require that the plaintiff show that there are two separate facilities that deal with their email—one facility for primary storage, and another for backup storage. *Id.*

## Discussion

In his motion, Defendant argues that he is entitled to summary judgment in his favor because Plaintiffs' Second Amended Complaint fails to state a cognizable claim under the SCA. ECF No. 52 at 1-2. In particular, Defendant argues that Andrea's emails were not "stored communications" and that her emails were not in

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 5**

"electronic storage" as those terms are used in the SCA. Thus, Defendant argues that he is entitled to summary judgment in his favor.

Based on the parties' motions and the applicable case law, the Court concludes that Plaintiffs have failed to state a cognizable claim under the SCA. For the reasons discussed below, the Court finds that there is no genuine dispute as to material fact. Furthermore, the Court concludes that Defendant is entitled to judgment in his favor as a matter of law. Accordingly, the Court grants Defendant's motion for summary judgment.

1. There is no genuine dispute as to material fact

Defendant argues there is no genuine dispute as to material fact because the evidence introduced by Plaintiffs should not be considered by the Court in determining whether a dispute exists. Defendant argues that the Declaration submitted in support of Plaintiff's Opposition to the Motion for Summary Judgment, ECF No. 56, is inadmissible because it is unqualified expert testimony. Defendant argues that Plaintiffs intend Mr. Morgan to give expert testimony based on his "experience, research, and knowledge" but failed to provide any evidence about Mr. Morgan's experience or training. ECF No. 56 at ¶ 4.

In order to show there is a dispute of material fact, the non-moving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. However, the non-moving party can only meet this burden if she points to evidence that would be admissible at trial. *Orr*, 285 F.3d at 773. Thus, expert evidence introduced at the summary judgment stage must meet the relevance and reliability standards articulated in the Federal Rules of Evidence. *Orr*, 285 F.3d at 773. Rule 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may give opinion testimony if the testimony is relevant and reliable. Rule 703 further provides that an expert may give testimony based on facts or data that the expert is made aware of or personally observed.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 6**

Plaintiffs have failed to establish Mr. Morgan's qualifications as an expert witness. Plaintiffs do not introduce any evidence that Mr. Morgan is an expert; rather, Plaintiffs' statement of facts and Mr. Morgan's declaration only show that Mr. Morgan is an employee with an IT management company retained by Plaintiff's law firm, and that he reached conclusions regarding who accessed Plaintiff's email. ECF No. 53 at ¶ 1; ECF No. 56 ¶ 4. Furthermore, neither the statement of facts nor Mr. Morgan's declaration contain information about how Mr. Morgan reached his conclusions. The Court t concludes that Mr. Morgan's declaration is inadmissible under Federal Rules of Evidence 702 and 703. Therefore, any statements in the Declaration cannot create genuine disputes as to material fact.

Having determined that the Morgan Declaration is inadmissible, the Court concludes that there is no genuine dispute as to material fact in this case. Parties do not dispute that Plaintiffs' allegations that Kevin accessed Andrea's work email. *See* ECF No. 59 at ¶ 22. Parties do not dispute that the emails were not stored for "back up purposes" on the "Exchange Server" and could be accessed through Outlook or an email mobile application. ECF Nos. 41 at ¶ 3.5, 53 at ¶ 10. Because the Morgan Declaration is inadmissible, there are no allegations that the emails accessed by Kevin were stored anywhere besides on the Outlook Exchange server, nor are there allegations that the emails accessed by Kevin were in "temporary" storage incident to being sent. ECF Nos. 55 at ¶ 6, 59 at ¶¶ 23-24. Therefore, there is no genuine dispute as to material fact.

2. <u>Defendant is entitled to judgment as a matter of law</u>

The Court concludes that Defendant is entitled to judgment as a matter of law because Plaintiffs have failed to state a cognizable SCA claim. Accordingly, summary judgment should be granted in Defendant's favor.

Defendant is entitled to summary judgment because Plaintiffs failed to make a sufficient showing on an essential element of their SCA claim. Assuming that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 7**

Plaintiffs have adequately shown that Defendant accessed a "facility" of electronic communication services by accessing Andrea's emails, Plaintiffs have failed to show that the emails Defendant allegedly accessed were in "back up storage" as defined by the SCA. Plaintiffs allege that Andrea's emails were accessible through an online Office 365 account and were stored on an "Exchange Server" for backup purposes. However, email that is accessed through an online portal like Office 365 cannot be considered to be held as backup storage if the email is stored only on that server. *Theofel*, 359 F.3d at 1077; *see also Cline*, 329 F. Supp. 3d at 1044. Furthermore, Plaintiffs do not allege that the emails Kevin allegedly accessed were in "temporary" storage. Accordingly, Plaintiffs have failed to adequately allege that Defendant accessed Andrea's emails in electronic storage. Thus, Defendant is entitled to judgment as a matter of law and his motion for summary judgment is granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 52, is **GRANTED**.
2. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court clerk is hereby directed to enter this Order, provide copies to counsel, and close the file.

**DATED** this 2nd day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 8**