FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA J. CLARE, individually,<br><br>   Plaintiff,<br><br>   v.<br><br>KEVIN P. CLARE, individually,<br><br>   Defendant. | NO. 4:18-cv-05045-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES; DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Before the Court are opposing motions: Plaintiff's Motion to Compel and for Attorney's Fees, ECF No. 83, and Defendant's Motion for Confidentiality and Protective Order, ECF No. 87. The motions were considered without oral argument. Plaintiff is represented by George Telquist. Defendant is proceeding *pro se*.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Andrea J. Clare filed the above-captioned suit on March 31, 2018. ECF No. 1. Defendant Kevin P. Clare filed an Answer on April 20, 2018. ECF No. 9. Defendant filed a Motion to Dismiss on July 25, 2018. ECF No. 20. On September 18, 2018, the Court granted the motion for failure to state claims under the Wiretap Act, the Electronic Communications Privacy Act, and the Stored

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . * 1**

1  Communications Act ("SCA"), but gave Plaintiff leave to file an amended
2  complaint. ECF No. 34. Plaintiff filed a Second Amended Complaint on October
3  10, 2018. ECF No. 41. In the Amended Complaint, Plaintiff alleges that Defendant
4  intentionally accessed her emails in violation of the SCA. *Id.* at ¶ 4.1; *see also* ECF
5  No. 56 at ¶¶ 3–4. Defendant filed a Motion for Summary Judgment on September
6  24, 2019, which this Court granted on December 2, 2019. ECF Nos. 52, 60.
7  Plaintiff timely appealed, and the Ninth Circuit reversed and remanded the Order
8  on December 8, 2020. ECF No. 68.
9      On April 6, 2021, the parties filed a Motion for Entry of Confidentiality
10 Stipulation and Protective Order, which the Court denied on April 7, 2021. ECF
11 Nos. 81–82. The following day, Plaintiff filed a Motion to Compel and for
12 Attorney's Fees, ECF No. 83, and Defendant filed a Motion for Confidentiality and
13 Protective Order. ECF No. 87.
14     The facts relevant to the present motions are as follows. On February 3,
15 2021, counsel for Plaintiff, Mr. George Telquist, propounded a set of
16 interrogatories and requests for production to Defendant and his then-counsel, KSB
17 Litigation. ECF No. 84 at 1. The discovery pertains to Defendant's personal
18 financial information. ECF No. 88.
19     On March 8, 2021, Defendant's counsel withdrew from representation,
20 leaving him *pro se*. ECF No. 77. On March 15, 2021, Mr. Telquist sent
21 correspondence to Defendant regarding the status of his discovery responses, to
22 which he responded that discovery was irrelevant. ECF No. 84 at 2, 4. Mr. Telquist
23 and Defendant held a teleconference on March 18, 2021 to resolve the dispute
24 without Court intervention. ECF No. 85. During the conference, Defendant did not
25 mention the need for a protective order but requested additional time to respond.
26 ECF No. 91-1. Mr. Telquist and Defendant agreed he would provide responses
27 within fourteen days, creating a new deadline of March 31, 2021. *Id.*; ECF No. 93
28 at 3.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . \* 2**

On March 30, 2021, Defendant sent an email to Mr. Telquist demanding he prepare a stipulated protective order "stating that any financial information sought and/or produced in this case shall not be used for any purpose whatsoever in any other case," and that he would provide responses to discovery after the "protective order has been approved and entered with the court." ECF No. 91-1. In response, Mr. Telquist stated: "I agree not to disseminate any of the responses to third persons other than witnesses, expert and others who need[ ] the materials for purposes of testifying and the development of the punitive damages award." *Id.* Mr. Telquist informed Defendant that he viewed his email as an untimely delay tactic and stated that he would bring a motion to compel, and a motion for attorney's fees, if responses were not received by end of business on March 31, 2021. *Id.*

On March 31, 2021, instead of providing responses to discovery, Defendant sent a proposed protective order to Mr. Telquist. ECF No. 84 at 4. Mr. Telquist filed the Stipulated Motion for Protective Order with the Court on April 6, 2021. ECF No. 81; ECF No. 84 at 3. On April 7, this Court denied the Motion for Protective Order. ECF No. 82.

### DEFENDANT'S MOTION FOR CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant now moves the Court to enter a confidentiality and protective order pursuant to Fed. R. Civ. P. 26(c)(1). ECF No. 87 at 1. He asks that the Court order that all financial information produced by him not be used or disseminated outside the litigation and that the fruits of discovery be destroyed after conclusion of the case. *Id.* In his supporting declaration, Defendant claims that "Plaintiff and Plaintiff's counsel previously disclosed my confidential information to an outside party in previous litigation in order to gain an upper hand over me. It almost cost me my career. As such I communicated that I require protection and confidentiality in this litigation." ECF No. 88 at 1.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . \* 3**

In response, Plaintiff argues that Defendant has refused to answer all discovery requests to date, even though Defendant's present Motion only seeks confidentiality with respect to his financial information. ECF No. 90 at 2. Plaintiff contends that the Court should deny the Motion because Defendant has failed to show good cause. Specifically, Plaintiff argues that Defendant failed to demonstrate a specific prejudice or harm that would result by answering the proposed discovery. *Id.* at 3. Plaintiff's counsel reiterates that Plaintiff has agreed not to disseminate any information outside the needs of the litigation in this case, and thus a protective order is not necessary. *Id.*

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR ATTORNEY'S FEES

Plaintiff moves to compel Defendant to produce responses to interrogatories and requests for production initially sent to Defendant and his counsel on February 3, 2021. ECF No. 84 at 1. Plaintiff also moves for attorney's fees under Fed. R. Civ. P. 37(a)(5) in the amount of $810.00, for 3.6 billed hours.[1] ECF No. 84 at 3–4.

In response, Defendant argues that the Court should deny both motions because they are "moot," since "Defendant has agreed to provide said discovery responses subject to the Court's ruling on Defendant's pending Motion for Confidentiality and Protection Order." ECF No. 92 at 1. He argues that the filing of a protective order automatically stays discovery until an order is issued, and that he is now "simply waiting for the court's ruling on his protective order motion." *Id.* at 2. Defendant states that he will produce discovery answers as required, but that he wishes to produce "this highly sensitive information subject to a protection order which guarantees its confidentiality and non-dissemination." *Id.* In addition,

---

[1] It is unclear how Plaintiff's counsel calculated a total of $810.00 for 3.6 billed hours, given that his stated hourly rate is $300.00. ECF No. 84 at 4.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . \* 4**

1  Defendant contends that attorney's fees are not warranted because "[he] attempted
2  to work with Plaintiff in good faith to obtain the protection and confidentiality
3  order, *after* [he] communicated that [he] agreed to produce the requested discovery
4  *subject to* a protection order." *Id.* (emphasis added). Defendant also contends that
5  his actions are "substantially justified," as that term is used under Rule
6  37(a)(5)(A)(ii), because he wants to ensure Plaintiff and her counsel do not use his
7  discovery responses outside of litigation. Defendant also argues that attorney's fees
8  are not appropriate because Plaintiff's counsel is "[Plaintiff Clare's] romantic and
9  business partner with whom she lives. It is unlikely that she is paying him for legal
10 services which creates an unusual circumstance." *Id.* at 3.

## LEGAL STANDARD

### I.    Motion for Confidentiality and Protective Order

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter in the pending action. It is also well-established that "the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, a party may seek a protective order from the Court pursuant to Rule 26(c)(1), which allows courts to enter an order protecting a party or person from "annoyance, embarrassment, oppression, or undue influence or expense." Motions for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1); LCivR 37. District courts are vested with broad discretion to determine whether a protective order is appropriate and, if so, to what degree protection is warranted. *Seattle Times Company v. Rhinehart*, 467 U.S. 20, 36 (1984). "A motion for protective order is timely if made prior to the date set for the discovery." *Seminara v. City of Long Beach*, Nos. 93–56395, 93–56512, 1995 WL 598097, *3 (9th Cir. Oct. 6,

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . * 5**

1995) (citing *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991)).

In the case where a protected order is not stipulated to by the parties, the court must make a determination of good cause. *In re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011); *Phillips*, 307 F.3d at 1211 n.1. "The burden is on the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). This requires a showing that "specific prejudice or harm will result" if a protective order is not granted. *In re Roman Catholic Archbishop*, 661 F.3d at 424. "[B]road allegations of harm, unsubstantiated by specific examples of articulated reasoning" do not satisfy the Rule 26(c) standard. *Phillips*, 307 F.3d at 1211 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). If the court finds that "particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.*

In addition, *pro se* litigants are held to the same standards as represented parties with respect to complying with court rules and orders. *See, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

## II.    Motion to Compel Discovery and for Attorney's Fees

Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery where a party fails to answer written interrogatories or requests for production. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Motions to compel must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); LCivR 37. Responses to interrogatories and requests for production are due within thirty days of service

pursuant to Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), absent stipulation by the parties or court order.

The Court must award the successful movant of a motion to compel "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are three exceptions to the rule. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). A court must not order payment if (1) the movant filed the motion before attempting to confer with the opposing party in good faith; (2) the opposing party's non-disclosure was "substantially justified"; and/or (3) other circumstances make an award of expenses unjust. *Id.* "Substantial justification" exists where the losing party shows that it raised an issue about which reasonable minds could genuinely differ on whether that party was bound to comply with the discovery rule. CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 2288 (3d ed.).

Reasonable attorney's fees are calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The court determines a fee under the lodestar method by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). The moving party of a successful motion to compel is entitled to attorney's fees "incurred," regardless of whether the client would be required to pay them. *See Roush v. Berosini*, No. 02–15707, 2003 WL 21267453 *1 (9th Cir. 2003). An award of attorney's fees may be based on affidavits of counsel, so long as the affidavit is "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (quoting *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980), *cert. denied*, 450 U.S. 1012 (1981)).

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . \* 7**

# DISCUSSION

## I.

In this case, Defendant failed to make a showing that "specific prejudice or harm will result" if a protective order is not issued. *See In re Roman Catholic Archbishop*, 661 F.3d at 424. Defendant contends that Plaintiff Clare and Mr. Telquist misused his information in prior litigation, which "almost cost [him his] career." ECF No. 88 at 1. However, as mentioned, "broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" do not satisfy the Rule 26(c) standard. *Phillips*, 307 F.3d at 1211 (citing *Beckman Indus., Inc.*, 966 F.2d at 476). Defendant did not provide specific examples of harm or prejudice that would occur absent a protective order. Vague allegations of misuse of discoverable information are insufficient, and particularly insufficient in this matter given the explicit representation by Plaintiff and her counsel that they "agree not to disseminate any of the responses to third persons other than witnesses, expert and others who need[ ] the materials for purposes of testifying and the development of the punitive damages award." ECF No. 91-1. Defendant's broad allegations of misuse of discoverable information do not constitute specific prejudice or harm under Rule 26(c).

Defendant also failed to submit a certification under Federal Rule 26(c)(1) and Local Rule 37 to demonstrate he "has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); LCivR 37. In addition, the Motion for Protective Order is not timely, as it was made after the date set for discovery. *Seminara*, 1995 WL 598097 at *3. Consequently, the Court finds that a protective order is not appropriate.

As the Court stated in its first order denying the parties' Motion for Entry of Confidentiality Stipulation and Protective Order, "when . . . the parties *agree* that certain information should remain confidential, it may be prudent for the parties to

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . * 8**

enter into a written agreement setting forth what information shall remain private. However, it is unnecessary for such an agreement to have this Court's imprimatur to be valid." ECF No. 82 at 2–3 (emphasis added). Here, again, it is unnecessary for the parties' agreement to have this Court's imprimatur to be valid. ECF No. 82 at 2. Accordingly, Defendant's Motion for Confidentiality and Protective Order is denied.

## II.

Plaintiff moves to compel Defendant to produce responses to interrogatories and requests for production initially sent to Defendant and his former counsel on February 3, 2021. ECF No. 84 at 1. Pursuant to Rule 33(b)(2) and 34(b)(2)(A), Defendant's discovery responses came due on March 5, 2021, with an extension granted by party agreement to March 31, 2021. ECF No. 91-1; ECF No. 93 at 3. The rule-mandated discovery deadline of March 5, 2021, and the parties' agreed-to deadline of March 31, 2021, have come and gone. As a result, the Court grants the Motion to Compel.

Because the Court grants Plaintiff's Motion to Compel, there is a presumption that the movant will be awarded reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Defendant argues that his failure to produce discovery responses was "substantially justified" due to his pending Motion for Confidentiality and Protective Order. ECF No. 87. Defendant's Motion cannot justify his failure to provide discovery responses, however, because the Motion is untimely. In this case, Defendant's Motion for Confidentiality and Protective Order was filed April 8, 2021, beyond the 30-day limit established by Rule 33(b)(2) and 34(b)(2)(A), and subsequent March 31, 2021 deadline agreed-to by the parties. Here, reasonable minds cannot differ as to whether Defendant Clare was bound to comply with the discovery rules. WRIGHT, ET AL., FED. PRAC. & PROC. CIV. § 2288. As noted, *pro se* litigants must follow the same rules that

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . ~ 9**

govern other litigants. Therefore, Defendant Clare's actions were not "substantially justified."

Defendant Clare also argues that attorney's fees are not appropriate because it is uncertain whether Plaintiff's counsel will charge his client for the time spent preparing the Motion to Compel. However, the successful movant is entitled to attorney's fees "incurred," regardless of whether the amount is paid by the client. Accordingly, reasonable attorney's fees are warranted.

The Court finds that Mr. Telquist's declaration is sufficiently detailed for the Court to consider all factors necessary in setting fees. *Henry, Inc.*, 983 F.2d at 946. In his supporting declaration, Mr. Telquist states his rate is $300.00 per hour and that he has practiced law since 1997, with almost exclusive experience in civil litigation. *Id.* at 4. Mr. Telquist's hourly rate is $300, which is reasonable within the local community. *Id.* Of the time entries provided, three pertain to the parties' stipulated motion filed on April 6, 2021, which total $420.00 for 1.4 hours. *Id.* An additional three time entries pertain to conducting a Rule 37 conference—these entries total $240.00 for 0.8 hours. *Id.*

The Court finds that time spent filing a stipulated protective order and complying with the court rules are not compensable. As a result, the Court grants Plaintiff's Motion for Attorney's Fees with a reduced award. The entries pertaining only to the present Motion to Compel and acquiring discovery responses from Defendant Clare after the discovery deadline totals 1.35 hours. This total multiplied by the hourly rate of $300 establishes a lodestar figure of $405.00. This amount is presumptively reasonable. *Cunningham*, 879 F.2d at 488. Defendant is ordered to pay this amount to Plaintiff within thirty days and provide discovery responses within ten days of this Order.

The Court reminds the parties that they are expected to work cooperatively to complete discovery to reach the merits in this matter. Should other discovery disputes arise that the parties cannot resolve through the meet and confer process,

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . ~ 10**

the parties are reminded they can seek expedited and informal resolution of a disagreement and dispense with motion practice. The Court urges the parties to resolve discovery disputes, where possible, without Court intervention and to reserve motion practice for truly intractable disputes.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Compel and for Attorney's Fees, ECF No. 83, is **GRANTED**.

2. Defendant's Motion for Confidentiality and Protective Order, ECF No. 87, is **DENIED**.

3. Defendant shall provide responses to Plaintiff's First Set of Interrogatories and Requests for Production within **ten days** from the date of this Order.

4. Defendant is ordered to pay $405.00 in reasonable attorney's fees to Plaintiff within **thirty days** from the date of this Order.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and pro se Defendant.

**DATED** this 11th day of June 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES . . . * 11**