FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA J. CLARE, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN P. CLARE, individually,<br><br>    Defendant. | No. 4:18-CV-05045-SAB<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER; DENYING MOTION FOR LIMITED DISCOVERY** |

    Before the Court is Third Party Benjamin Dow's Motion for Protective Order Re: Plaintiffs' Deposition Subpoena, ECF No. 99, and the parties' Stipulated Motion for Extension of Time to Complete Limited Discovery, ECF No. 97. The motions were considered without oral argument. Plaintiff Andrea Clare is represented by George E. Telquist. Defendant Kevin Clare is proceeding pro se. Third Party Benjamin Dow is represented by Christopher Kerley.

    Mr. Dow requests the Court issue a protective order preventing his deposition in this action. Mr. Dow represented Defendant Kevin Clare in his pending marriage dissolution proceeding, which is related to Ms. Clare's allegations in this case. Plaintiff Andrea Clare argues that his testimony is necessary to discern the extent of damages warranted, as Mr. Dow would provide testimony on how he knew certain information he presented in the dissolution

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ~ 1**

proceedings. In contrast, Mr. Dow contends that a deposition on this subject matter would necessarily entail disclosure of information and strategy protected by the attorney-client and work product privileges. The parties also request a limited extension of the discovery deadline to depose Mr. Dow, subject to the Court's decision on the Motion for Protective Order.

## Facts

Plaintiff Andrea Clare and Defendant Kevin Clare were once a married couple. During their marriage, Ms. Clare became a licensed attorney in Washington. She left their marital home on February 6, 2016, and filed a petition for dissolution in Walla Walla County on May 12, 2016. A subsequent petition was filed in Franklin County on August 11, 2016. The dissolution proceeding is still pending on appeal and awaiting a decision from the Washington State Court of Appeals, Division III. ECF No. 108-3 at 14.

Ms. Clare alleges that after she left their martial home, Mr. Clare unlawfully accessed her personal and professional email, text messages, and the contents of her personal iPhone and iPad for nearly two years. Ms. Clare alleges that she discovered and learned that Mr. Clare was utilizing her credentials to access her private and confidential information on March 19, 2018. She asserts that Mr. Clare used this information to learn about her whereabouts and plans, and also gave information to his attorney for purposes of advancing his position in the dissolution proceedings. In the present motion, she specifically alleges that Mr. Clare's attorney, Mr. Dow, made statements of fact to the state court about Ms. Clare's contingency cases, her whereabouts and actions, and whom she was spending time with, which could have only been known through reviewing her private correspondence.

Relevant here, Ms. Clare and her former law firm, Telquist McMillen Clare, PLLC, initially filed this action on March 21, 2018. ECF No. 1. The first Complaint named both Mr. Clare and Benjamin Dow as defendants. ECF Nos. 1,

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ~ 2**

18. Christopher Kerley and John Riseborough were retained to represent Mr. Dow and to assist with his eventual dismissal. Mr. Riseborough jointly represented Mr. Clare at that time. By the voluntary motion of then-Plaintiffs, Mr. Dow was dismissed from the action with prejudice on November 8, 2018. ECF No. 47.

On February 18, 2021, Ms. Clare's counsel sent Mr. Dow a letter requesting to take his deposition. Mr. Dow again retained Mr. Kerley to respond to the request. Mr. Kerley and Mr. Telquist stipulated to a limited extension of discovery after Mr. Kerley had an opportunity to file the present Motion for a Protective Order.

## Procedural History

Plaintiff Andrea Clare brings this lawsuit under the Stored Communications Act, 18 U.S.C. § 2707. The action was filed on March 21, 2018, ECF No. 1, and Defendants filed an Answer on April 20, 2018, ECF No. 9. The Court granted Plaintiffs' Motion to Amend the Complaint on July 17, 2018, ECF No. 17, and Plaintiffs filed their First Amended Complaint on July 25, 2018, ECF No. 19. Defendants filed their Answer to the First Amended Complaint on July 25, 2018. ECF No. 19. Defendants also filed a Motion to Dismiss for Failure to State a Claim on July 25, 2018. ECF No. 20. Plaintiffs filed a Motion to Certify certain questions to state court on August 6, 2018. ECF No. 22.

The Court granted the Motion to Dismiss on September 7, 2018 and denied Plaintiffs' Motion to Certify, but granted leave to file an amended complaint. ECF No. 34. Mr. Dow was voluntarily dismissed as a defendant on November 8, 2018. ECF No. 47. In the Second Amended Complaint filed on October 10, 2018, Ms. Clare was named as the sole Plaintiff. ECF No. 41. Defendant Kevin Clare filed an Answer on October 29, 2018. ECF No. 46. The Court issued a Jury Trial Scheduling Order on September 11, 2019. ECF No. 51.

Defendant filed a Motion for Summary Judgment on September 24, 2019. ECF No. 52. The Court granted the motion on December 2, 2019, ECF No. 60, but

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ~ 3**

the Ninth Circuit reversed and remanded on December 8, 2020, ECF No. 68. The Court held a status conference, ECF No. 74, and issued a new Amended Jury Trial Scheduling Order, ECF No. 78.

The parties filed a Stipulated Motion for Protective Order, ECF No. 81, which the Court denied on April 7, 2021, ECF No. 82. Plaintiff filed a Motion to Compel and for Attorney Fees on April 8, 2021. ECF No. 83. Defendant also filed a Motion for Confidentiality and Protective Order. ECF No. 87. The Court granted the Motion to Compel and denied the Motion for Confidentiality on June 11, 2021. ECF No. 96.

On September 7, 2021, the parties filed the pending Stipulated Motion for Extension of Time to Complete Discovery (Limited). ECF No. 97. Third Party Benjamin Dow filed the pending Motion for Protective Order Re: Plaintiffs' Deposition Subpoena on September 16, 2021. ECF No. 99. On September 28, 2021, Plaintiff filed a Motion for Partial Summary Judgment on Liability; the motion is noted for hearing on November 18, 2021. ECF No. 11.

**Legal Standard**

Federal Rules of Civil Procedure Rule 26(b)(1) defines the scope of discovery. It provides that

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Protective orders may be issued under Rule 26(c), provided that "good cause" is shown. Therefore, the burden is upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . ." *Id.*

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . * 4**

Attorneys are not automatically exempt from being subjected to a subpoena to produce documents or to testify. *Shelton v. Am Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Indeed, the Federal Rules of Civil Procedure contemplate that discovery of material known to an attorney is permissible in certain circumstances. Fed. R. Civ. Pro. 26(b)(3); Fed. R. Civ. P. 30 (*e.g.*, a party may depose a "person by oral questions" and a person is not defined in the Rules to exclude counsel for a party). And generally, "attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party to represent them in litigation." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan. 1995); *see also, e.g.*, *Rainbow Investors Grp., Inc. v. Fuji Trucolor, Missouri, Inc.*, 168 F.R.D. 34, 36 (W.D. La. 1996) ("The deposition of an attorney may be both necessary and appropriate where the attorney may be a fact witness, such as an actor or viewer[.]") (internal quotation marks and citations omitted).

Yet, courts generally disfavor subjecting opposing trial counsel to discovery, as it is potentially disruptive of the attorney-client relationship and the adversarial process. For example, as put succinctly from as district court in a separate circuit, "a client's fear that counsel may be deposed could chill a client's candor with counsel. Similarly, attorneys who fear they might eventually be deposed about their knowledge of documents or facts connected with a case 'may lead attorneys to shield themselves from relevant facts, thereby resulting in less effective representation.'" *Am. Fed. Of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 479 (S.D. Fla. 2011); *see also Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-CV-01882-JGB (SHKx), 2020 WL 2405295 (C.D. Cal. Mar. 10, 2020); *Littlefield v. Nutribullet*, No. CV 16-6894 MWF (SSx), 2017 WL 10438897, at *3 (C.D. Cal. Nov. 7, 2017); *In re Allergan, Inc. Sec. Litig.*, No. 14-cv-02004-DOC (KES), 2016 WL 5922717, at *4 (C.D. Cal. Sept. 14, 2016).

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . .** ~ 5

1    The Ninth Circuit has not adopted a standard governing when a deposition of counsel may go forward. In the absence of specific guidance from the Ninth Circuit, when a party seeks to depose opposing counsel in pending litigation, many district courts in the Ninth Circuit have adopted the test set forth by the Eighth Circuit in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). *Chao v. Aurora Loan Servs., LLC,* No. C10–3118 SBA (LB), 2012 WL 5988617, at *3 (N.D. Cal. Nov. 26, 2012) ("District courts in this district and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions."); *DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, 415 (W.D. Wash. 2007) ("District courts in this [district] have uniformly followed the Eighth Circuit when analyzing whether to permit the deposition of counsel.") (citing cases). In addition, several other circuits have either expressly adopted or cited the *Shelton* standard with approval. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208–09 (5th Cir. 1999); *Boughton v. Cotter Corp.*, 65 F.3d 823, 830–31 (10th Cir. 1995).

Under *Shelton*, a party seeking to depose an opposing party's counsel must show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327 (internal citation omitted). The *Shelton* court emphasized that while opposing trial counsel is not "absolutely immune from being deposed," the "circumstances in which the court should order the taking of opposing counsel's deposition . . . should be limited." *Id.* The Eighth Circuit has since clarified that the exacting standard set by *Shelton* "was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy," but "was not intended to provide heightened protection to attorneys who represented a client in a completed case . . . where the information known only by the attorneys regarding the prior concluded case [is]

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . * 6**

crucial" to issues in a pending matter. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (emphasis added). Still, it is evident that district courts have applied *Shelton* to former counsel when the representation implicates issues "central to the instant litigation." *Walk Haydel & Assocs. v. Coastal Power & Prod. Co.*, No. 05-1618 c/w 06-0911, 2008 U.S. Dist. LEXIS 131920, at *23 (E.D. La. Dec. 30, 2008), *amended in part on reconsideration*, Nos. 05-1618; 06-091 (E.D. La. June 22, 2009); *Desert Orchid Ptnrs, L.L.C. v. Transaction Sys. Architects, Inc.*, 237 F.R.D. 215, 218–19 (D. Neb. May 19, 2006).

Alternatively, the Second Circuit proposed a slightly different, more flexible standard for attorney depositions in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003). This test "takes into consideration all of the relevant facts and circumstances," whereby a district court balances "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.* at 72. "Under this approach, the fact that a deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require resort to alternative discovery devices, but it is a circumstance to be considered." *Id.* To this Court's knowledge, only one district court in this circuit has expressly favored the Second Circuit's approach in *Friedman* over the stricter *Shelton* test.

## Discussion

Ms. Clare asserts that the information to be elicited from Mr. Dow would speak to the extent of her injuries and damages warranted in this action. ECF No. 104 at 4; *see also* ECF No. 105 at 4. However, Ms. Clare could have easily obtained this information through other methods. Ms. Clare could have acquired the same information through the analysis and testimony of a forensics expert to discern the frequency in which her email account was accessed by Mr. Clare. Ms. Clare could have deposed Mr. Clare directly and inquired into the same issue or

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . ~ 7**

factual basis in which he made certain representations to the state court, specifically pertaining to statements which Ms. Clare believes were only known through unlawful access of her email. Crucially, it is difficult for the Court to even envision questions that could be asked of Mr. Dow at his deposition regarding this issue that would not speak directly to protected attorney-client communications or litigation strategy. There is a lateral issue that Mr. Dow's deposition would likely implicate statements and information protected by the common-defense rule, as Mr. Dow was a defendant in this lawsuit and shared counsel with Mr. Clare. In this case, Ms. Clare has failed to demonstrate that there are no other means to obtain the information than to depose Mr. Dow. As a result, the first *Shelton* factor weighs against deposing Mr. Dow.

Notably, Ms. Clare does not deny that Mr. Dow's testimony on this issue will implicate information protected by the attorney-client privilege and work product privilege.[1] She also does not deny that the information to be elicited would implicate this privilege *centrally*, as it directly concerns litigation strategy and conversations with his former client, Mr. Clare, in the context of the marriage dissolution proceedings. Ms. Clare attempts to avoid this issue by asserting that Mr. Clare declared to the state court that Mr. Dow disclosed attorney-client confidential information to third persons, which apparently led him to withdraw from the case. ECF No. 104 at 7. She asserts that attorney-client privilege is waived because of this fact. Ms. Clare does not, and neither do the remaining parties, articulate the subject matter of any disclosed and/or privileged content. The record is silent. Under Ms. Clare's theory, voluntary disclosure of one piece of privileged information would eliminate the attorney-client relationship and usurp

---

[1] Neither party expressly mentioned the common-interest rule, also known as the joint defense privilege, but the Court finds this privilege is highly relevant to the present dispute.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . * 8**

the privilege in its entirety. Absent additional information on the actual disclosure made, if any, the Court cannot find that the attorney-client privilege was voluntarily waived as to any subject matter. Due to this and the centrality of the marriage dissolution proceedings to the deposition sought, the Court finds that the deposition topic is predominately privileged. Consequently, the second *Shelton* factor also weighs against permitting the deposition.

     Ms. Clare has a right to perform discovery regarding the extent of her damages, if any, proximately caused by Mr. Clare. However, the information sought from Mr. Dow specifically is not necessary for preparation of Ms. Clare's case. For the reasons articulated under the first *Shelton* factor, Ms. Clare has remained able to acquire the same information as to the extent of her damages from other sources without the risk of encountering privilege and work product issues. Overall, Ms. Clare has failed to meet her burden that the information sought is crucial to case preparation or resolution.

     In contrast, Third Party Benjamin Dow has met his burden that a protective order is warranted. The Court finds that good cause exists to issue a protective order and accordingly quashes the deposition subpoena.[2] The Court further denies Ms. Clare's incorporated motion for attorney's fees.

//

//

---

[2] While the Court declines to perform a detailed analysis under the *Friedman* test, the Court finds that all relevant facts and circumstances indicate that any deposition of Mr. Dow on the proposed subject matter should not proceed. Specifically, the need to depose Mr. Dow, Mr. Dow's role and connection with the present lawsuit and pending state court litigation, and risk of encountering privilege and work product issues all weigh in favor of granting the protective order.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . \* 9**

## Conclusion

The Court finds that it is inappropriate for Ms. Clare to depose Mr. Clare's former attorney, Mr. Dow, on the subject matter requested. Mr. Dow's deposition would centrally involve information protected by attorney-client and work product privileges. The Court is also concerned that Mr. Dow was likely exposed to privileged information related to the present lawsuit, as he was represented by the same attorney as Mr. Clare when Mr. Dow was named as a defendant in this action. There are other, less-burdensome avenues Ms. Clare could have pursued to acquire the same information related to damages and the extent of her alleged injury, and Ms. Clare has not demonstrated that the deposition testimony is crucial to preparation of her case. For these reasons, the Court grants the Motion for Protective Order and denies the related Stipulation.

The Court may consider a motion for limited discovery on the alternatives mentioned in this Order, or otherwise. In such case, the Court implores the parties to work cooperatively and reach a stipulation regarding discovery if possible. The Court may also consider a renewed, unilateral motion for additional discovery if Plaintiff can demonstrate that there are deposition inquiries and/or subject matters that do not implicate the privileges discussed above.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . . \* 10**

Accordingly, **IT IS HEREBY ORDERED**:

1. Third Party Benjamin Dow's Motion for Protective Order Re: Plaintiffs' Deposition Subpoena, ECF No. 99, is **GRANTED**.

2. The Notice of Taking Deposition and Deposition Subpoena of Benjamin Dow is **QUASHED**.

3. The parties' Stipulated Motion for Extension of Time to Complete Discovery, ECF No. 97, is **DENIED** with leave to renew.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and pro se Defendant.

**DATED** this 16th day of November 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER . . .  * 11**