FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA J. CLARE, individually,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN P. CLARE, individually,<br><br>　　　　Defendant. | No. 4:18-CV-05045-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Liability, ECF No. 101, and Motion to Strike, ECF No. 114. The Motions were considered without oral argument. Plaintiff Andrea Clare ("Ms. Clare") is represented by George Telquist. Defendant Kevin Clare ("Mr. Clare") is representing himself pro se.

Ms. Clare first requests that the Court strike Mr. Clare's declaration in opposition to her Motion for Partial Summary Judgment. The Court finds the declaration is relevant and helpful to adjudication of the pending Motion, and accordingly denies the Motion to Strike. Second, Ms. Clare moves for summary judgment on the issue of Mr. Clare's liability, contending that three concrete acts of Mr. Clare violated the Stored Communications Act (the "SCA"), 18 U.S.C. §§ 2701–2711 (2018). For two of these instances, disputes of material fact preclude

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *1

summary judgment. With respect to the third, Ms. Clare has failed to demonstrate that the unauthorized access was from a "facility" that provided an "electronic communication service" while the text messages were in "electronic storage," as necessitated by the SCA. Therefore, Ms. Clare failed to meet her burden of showing all essential elements of a SCA claim, and the Motion for Partial Summary Judgment is denied.

## Background

As the parties are familiar with the procedural history of this action, the Court dispenses with a summary here. The following facts derive from Ms. Clare's Second Amended Complaint, ECF No. 41, and the parties' opposing factual statements regarding the Motion for Partial Summary Judgment. ECF Nos. 101, 102. All facts are construed in the light most favorable to Mr. Clare. *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (noting that all reasonable inferences must be drawn in the light most favorable to the non-moving party on summary judgment).

Mr. Clare and Ms. Clare were married for over ten years. Ms. Clare left their joint residence on February 6, 2016 and shortly afterward filed for divorce. During their residency and relationship together, Mr. Clare accessed Ms. Clare's cellular phone without her permission, including her text messages and email. In the present lawsuit, she alleges that Mr. Clare unlawfully accessed her emails and/or text messages on at least three instances, violating the Stored Communications Act.

Ms. Clare is an attorney licensed in the State of Washington. Her law firm's computers and data systems are currently maintained with a private local server that is protected by a firewall. All email accounts and security controls are managed exclusively by Teknologize, an IT security and management company. The firm uses Microsoft Exchange for email communications. Ms. Clare and her firm's emails may be accessed by outside devices that temporarily store emails in a cached environment on a device, but they are also regularly downloaded and stored for both security and

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *2

back up protection onto the firm's private local server. The private local server and email service are paid for by the law firm.

While Ms. Clare slept, Mr. Clare forwarded himself several email messages from Ms. Clare's work email through her iPhone. The emails were forwarded on Wednesday, December 23, 2015 and time stamped beginning at 1:20 a.m. *See* ECF No. 109-1. Mr. and Ms. Clare's respective factual accounts differ on this event. Ms. Clare claims that Mr. Clare could have only accessed her iPhone through use of her thumb as she slept, as Mr. Clare "did not know the passcode." ECF No. 23 at 2 ¶ 4. In contrast, Mr. Clare asserts that he opened Ms. Clare's iPhone "without use of a passcode or thumb print." ECF No. 109 at 2 ¶ 4. He claims that he never accessed "credential protected emails," *id.* at ¶ 5, and that Ms. Clare's work email "was not protected by a password on her iPhone nor was her iPhone protected by a passcode in December 2015," *id.* at ¶ 6.

Mr. Clare states that, in April 2016, Ms. Clare presented him a document on her phone, and when she walked away from him, he viewed a text message on her phone to investigate a suspected extra-marital relationship. ECF No. 109 at 3 ¶ 12; ECF No. 109-3. During this period, Mr. and Ms. Clare were allegedly "working on their relationship." *Id.* at 3 ¶ 11. They maintained a joint AT&T account for cellular services that was listed under Mr. Clare's name and paid for by community funds. *Id.* at 2 ¶ 7; *see also* ECF Nos. 109-2, 109-4. At some point between January and February 2016, Ms. Clare upgraded her then-phone, an iPhone 6SE, to a newer phone, an iPhone 6S Plus under the joint AT&T account. ECF No. 109 at 3 ¶ 9. In May of 2016, Ms. Clare filed for divorce. She also removed her phone from the joint account and registered an Apple iPhone 6S Plus with Verizon Wireless. Mr. Clare claims he never owned an Apple iPhone 6S Plus or held cellular service with Verizon Wireless. *Id.* at 3 ¶¶ 10; 4 ¶ 15.

Dan Morgan is an expert proffered by Ms. Clare. *See* ECF No. 56. He is an employee for Teknologize. Based on his "experience, research, and knowledge," Mr.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

Morgan concluded unauthorized access occurred in 2017 and 2018 using Ms. Clare's credentials "from an outside source." *Id.* at 2 ¶ 4.[1] "The unauthorized user would have retrieved credentials from an iPad device she previously used to access her Exchange account from home." *Id.* ¶ 3. Mr. Morgan states that he confirmed that the device used to gain access was an Apple device from a Pasco Charter IP address. *Id.* at 2–3 ¶ 4. He also asserts that "[o]nce Andrea had changed her login information the allowed logins from the Pasco Charter IP address stopped and were met with invalid account rejections." *Id.*

To contrast, Joshua Michel is an expert offered by Mr. Clare. *See* ECF No. 112. He is a Senior Forensic Examiner at Roloff Digital Forensics, LLC, a private digital forensics firm, and has over eight years of experience in the world of digital forensics, with numerous professional certifications in the industry. *Id.* at 1–2, ¶¶ 1–2. Mr. Michel reviewed the audit log provided by Mr. Morgan and concluded that all entries from the 830 line-item audit log came from one specific device, an "Apple-iPhone8C2." *Id.* at 5 ¶ 11. He claims this is Apple's hardware revision "iPhone8,2" or an Apple iPhone 6S Plus. *Id.* Mr. Michel states that the entries also related to the service provider Verizon Wireless. *Id.* Further, in addition to access locations involving Kennewick and Pasco, Washington, he contends that there were other locations identified including Seattle, New York, New Jersey, Arizona,

---

[1] The Court is concerned that Mr. Morgan did not lay the foundation of his purported expertise to provide these specific opinions, which sound in the field of digital forensics—and further, that Mr. Morgan did not lay the factual foundation underlying the opinions themselves. *See* Fed. R. Evid. 707(a), (b) (an expert must be qualified by knowledge, skill, experience, training, or education; and expert testimony must be based on sufficient facts or data). However, the Court errs on the side of caution and will consider the assertions as expert opinions for purposes of summary judgment adjudication.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *4

Nevada, Georgia, New Mexico, Spokane and Coeur D'Alene "to name a few." *Id.* at 6 ¶ 12. In addition, a forensic examination of the couple's shared iPad device "did not contain Ms. Clare's credentials, saved or otherwise recoverable." *Id.* at 7 ¶ 15. Overall, through these contradicting expert opinions, the parties dispute whether Mr. Clare accessed any of Ms. Clare's emails in 2017 and 2018.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue of material fact is genuine if here is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The parties must support assertions by citing to particular parts of the record or showing that the materials cited to not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c). A party can also show that the adverse party cannot produce admissible evidence to support a fact. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (finding that unauthenticated documents could not be considered in a motion for summary judgment), accord *Everett v. American General Life Ins. Co.*, 703 F. App'x 481, 482 (9th Cir. 2017).

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *5

to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also Cortez*, 776 F.3d at 1050.

## Discussion

### A. Motion to Strike

In her Motion to Strike, Ms. Clare argues that Mr. Clare is using these proceedings to harass and intimate her, and that portions of his declaration and statement of disputed facts in opposition to summary judgment should be stricken as "an insufficient defense, immaterial, impertinent or scandalous." ECF No. 114 at 2 (citing Fed. R. Civ. P. 12(f)). Ms. Clare asserts that "[m]ost of the comments in Kevin's narrative are for the sole purpose of attempting to disparage Andrea—an improper act in a pleading." *Id.* Specifically, she asks the Court to strike paragraphs 2–12, and 23 (with no specific objection stated), and paragraphs 13–17, 27, and Exhibits 1–4 as argumentative and not in compliance with Rule 56. *Id.* at 3; *see also* ECF Nos. 109 (Declaration of Kevin Clare), 111 (Statement of Disputed Material Facts). Mr. Clare did not file a response to the Motion to Strike.

Ms. Clare asks the Court to strike factual declarations such as "Kevin has never personally owned an Apple iPhone 6S Plus. Kevin has never had cellular service with Verizon Wireless." ECF No. 109 at 6 ¶ 23. This factual statement, as well as several other cited paragraphs, directly pertain to Mr. Clare's defenses and are not impertinent or scandalous. For example, this assertion naturally pertains to Mr. Clare's defense (and his expert's apparent estimation) that he never accessed

Ms. Clare's work emails in 2017 and 2018. Furthermore, it is improper for the Court to strike the noted exhibits, as they are related to the facts underlying this lawsuit and the pending Motion for Partial Summary Judgment. The substance of the exhibits themselves, while possibly embarrassing, are nonetheless relevant to establishing the facts of the case. There is also no indication that they were submitted in bad faith or with intent to harass. Finally, while some paragraphs cited in the declaration appear somewhat argumentative, the Court declines to strike them from the record. The Court finds they are not so egregious to be stricken but instead are helpful to adjudication of the Motion for Partial Summary Judgment. For these reasons, the Motion to Strike is denied in full.

### B. Motion for Partial Summary Judgment

*1. Whether there is a dispute of material fact.*

As a threshold matter, the Court must determine whether a genuine dispute of material fact precludes summary judgment adjudication. Ms. Clare seeks summary judgment on three discrete instances of conduct that she alleges are violations of the SCA: (1) Mr. Clare's access of Ms. Clare's Microsoft Exchange email in the early hours in December 2015; (2) Mr. Clare's review of Ms. Clare's text messages on her unlocked iPhone in April 2016; and (3) Mr. Clare's access of Ms. Clare's Microsoft Exchange email on a shared iPad in 2017 and 2018.

Construing the facts in the light most favorable to Mr. Clare, the Court finds that there is a dispute of material fact as to (1) whether Ms. Clare's emails were held in electronic storage at the time they were accessed by Mr. Clare in December 2015; and (2) whether Mr. Clare accessed Ms. Clare's email at all during 2017 and 2018.

First, there is a dispute on record as to whether the emails, at the time of access in December 2015, were held in backup storage. Plaintiff contends her Microsoft Exchange emails were held in "storage for purposes of backup protection," as that phrased is used under 18 U.S.C. § 2510(15), through a separate server managed by Teknologize. However, the facts must be construed in the light most favorable to

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *7

Mr. Clare on summary judgment. *See Cortez*, 776 F.3d at 1050. Plaintiff previously testified that her law firm *"uses the Microsoft Exchange for storing e-mail. It does not store e-mail on a server in the office."* ECF No. 23 at 5 (emphasis added). The record does not provide undisputed evidence that Ms. Clare's emails were in storage for backup protection—either through a separate digital or physical server—at the time of the unauthorized access. Confronted with contradictory evidence, the Court appropriately declines to weigh the persuasiveness of the evidence on summary judgment. *See Anderson*, 477 U.S. at 249.

The second instance involves a battle of the parties' respective experts, and this evidence should be weighed by the finder of fact. Crucially, Mr. Clare proffered a forensic expert who indicates that he did not access Ms. Clare's Microsoft Exchange emails during 2017 and 2018. It is also worth noting that Ms. Clare's expert, Mr. Morgan, did not provide any conclusion that Mr. Clare specifically accessed Ms. Clare's email during this time. The Court cannot grant summary judgment when an element of a cause of action is factually disputed, *i.e.*, unauthorized access by the specific defendant.

For these reasons, material disputes of fact preclude summary judgment on Ms. Clare's claims regarding Mr. Clare's access of her Microsoft Exchange email in December 2015 and throughout 2017 and 2018. Accordingly, the only remaining issue to consider is whether Ms. Clare is entitled to summary judgment on the April 2016 occurrence of Mr. Clare viewing her text messages.

*2. Whether Ms. Clare is entitled to summary judgment on her claim that Mr. Clare viewed her iPhone's text messages without authorization in April 2016.*

Ms. Clare is not entitled to summary judgment on her SCA claim regarding the events in April 2016 because she has failed to demonstrate that her iPhone is (1) a "facility through which an electronic communication service is provided" or that (2) the text messages viewed were held in "electronic storage."

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *8

First, several courts have determined that a personal cellphone is not a "facility" under the SCA. 18 U.S.C. §§ 2701(a)(1), (2). *Garcia v. City of Laredo, Texas*, 702 F.3d 788, 793 (5th Cir. 2012) (holding that plaintiff's cell phone was not a protected "facility" for purposes of the SCA); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1058–59 (N.D. Cal. 2012) (finding that an iPhone was not a "facility" under the SCA); *accord Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1271 (N.D. Cal. 2001) ("[The argument that] computers of users of electronic communication service, as opposed to providers of electronic communication service, are considered facilities through which such service is provided [is] destined to failure.") (emphasis added). The Court finds this precedent persuasive, as it aligns with the intent of the SCA. As explained by Orin Kerr in his widely cited law review article, the words of the SCA were carefully chosen: "[T]he statute envisions a provider (the ISP or other network service provider) and a user (the individual with an account with the provider), with the user's communications in the possession of the provider." Orin S. Kerr, *A User's Guide to the Stored Communications Act, and A Legislator's Guide to Amending It*, 72 Geo. Wash. L. Rev. 1208, 1215 n. 47 (2004) (citation omitted). "It follows that the relevant 'facilities' that the SCA is designed to protect are not computers [or phones] that enable the use of an electronic communication service, but instead are facilities that are operated by electronic communication service providers and used to store and maintain electronic storage." *Freedom Banc Mortg. Servs., Inc. v. O'Harra*, No. 2:11–CV–01073, 2012 WL 3862209, at *9 (S.D. Ohio Sept. 5, 2012) (emphasis added). And significantly, Ms. Clare does not assert in her Motion that something other than her iPhone was a "facility" for purpose of this SCA claim.

On similar grounds, courts have found that personal cellphones, without more, do not provide an "electronic communication service" as necessitated by the SCA. 18 U.S.C. §§ 2701(a)(1), (2). As succinctly stated by the U.S. Court of Appeals for the Fifth Circuit in *Garcia*, "[a]n individual's personal cell phone does not provide

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *9

an electronic communication service just because the device enables use of electronic communication services" and here, like in *Garcia*, "there is no evidence . . . that the Defendant[ ] ever obtained any information from the cellular company or network." *Garcia*, 702 F.3d at 793. Thus, even if Ms. Clare's iPhone could be considered a "facility," it does not provide an "electronic communication service" under the statute.

Finally, the Court finds that even if the above elements were met, Ms. Clare has not demonstrated that the text messages were accessed "while [they were] in electronic storage." 18 U.S.C. § 2701(a). To illustrate, the district court in *In re DoubleClick, Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 511–12 (S.D.N.Y. 2001) held that the plaintiffs did not establish that the information accessed was in "electronic storage" under the SCA, because as the information was in "long-term residence on plaintiffs' hard drives," rather than "electronic storage." *Id.* at 511. In this case, similarly, Ms. Clare's text messages were in long-term residence on her iPhone's hard drive. *O'Harra*, 2012 WL 3862209, at *9 ("Information that an individual stores to his or her hard drive, such as images, personal information, and emails that he or she has downloaded, is not in electronic storage as defined by the statute."); *see also Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1205 (S.D. Cal. 2008). The record provides no indication, much more argument, that the text messages were held in "electronic storage." That being the case, Plaintiff is not entitled to summary judgment.

## Conclusion

The Court concludes that Mr. Clare's declaration is relevant and helpful to adjudication of the pending Motion for Summary Judgment, and therefore denies the Motion to Strike. Further, summary judgment is inappropriate for two of Ms. Clare's claims, as there are disputes of material fact. With respect to the final claim, Ms. Clare failed to establish all essential elements of a SCA claim. Thus, the Motion for Partial Summary Judgment is denied.

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *10

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment on Liability, ECF No. 101, is **DENIED**.

2. Plaintiff's Motion to Strike, ECF No. 114, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel **and** pro se Defendant.

**DATED** this 8th day of December 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT *11